UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN KYE and CAMERON JOHNSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CRUNCH HOLDINGS, LLC; CRUNCH FRANCHISING, LLC; CRUNCH, LLC,<br><br>    Defendants. | Case No.: 1:25-cv-4321 (JAV)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants Crunch Holdings, LLC, Crunch Franchising, LLC, and Crunch, LLC (together, "Defendants"), submit this Answer and Affirmative Defenses to the Class Action Complaint and Demand for Jury Trial filed by Plaintiffs Benjamin Kye and Cameron Johnson (together, "Plaintiffs").

Plaintiffs filed their Class Action Complaint in the Southern District of New York on May 22, 2025. The Complaint alleges that Defendants made prerecorded phone calls to Plaintiffs and others purportedly in violation of the Telephone Consumer Protection Act. Plaintiffs additionally requested that the case be certified as a Class Action with Plaintiffs appointed as the representatives of said class. Defendants deny any liability to Plaintiffs and deny that this case is appropriate for class treatment.

This Answer is based on Defendants' investigation to date and may be amended as their investigation continues. Any allegation not expressly admitted is denied. Additionally, by admitting that quoted words in an allegation were included in a document, transcript, or other material, Defendants do not concede that the allegation accurately characterizes the quoted words,

places them in the proper context, includes all relevant words, or appropriately uses bold or italics for emphasis. Finally, headings, subheadings and prefatory material in the Class Action Complaint are not substantive allegations to which an answer is required; if these items are treated or intended as substantive allegations, Defendants deny them. The headings and subheadings are maintained in this Answer for organizational purposes only.

Accordingly, Defendants answer as follows:

Answer to introductory statement: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory statement, and for that reason, deny those allegations.

### **NATURE OF THE ACTION**

1. Defendants are without knowledge of and therefore deny the quoted language in Paragraph 1 of the Complaint. To the extent a further response is required, Defendants admit that Paragraph 1 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein.

2. Defendants are without knowledge of and therefore deny the descriptions and characterizations of the Telephone Consumer Protection Act in Paragraph 2 of the Complaint. To the extent a further response is required, Defendants deny the allegations in Paragraph of the Complaint.

3. Defendants admit that Plaintiffs are bringing this putative class action for legal and equitable remedies against Defendants, but deny any liability to Plaintiffs and the putative class members, and deny all other allegations in Paragraph 3 of the Complaint.

**PARTIES**

4. Defendants are without knowledge whether Plaintiff Kye is a resident of Richardson, Texas and therefore deny the allegations in Paragraph 4 of the Complaint.

5. Defendants are without knowledge of and therefore deny the allegations in Paragraph 5 of the Complaint.

6. Defendants are without knowledge of and therefore deny the allegations in Paragraph 6 of the Complaint.

7. Defendants are without knowledge of and therefore deny the allegations in Paragraph 7 of the Complaint.

8. Defendants are without knowledge whether Plaintiff Johnson is a resident of Manson, North Carolina and therefore deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are without knowledge of and therefore deny the allegations in Paragraph 9 of the Complaint.

10. Defendants are without knowledge of and therefore deny the allegations in Paragraph 10 of the Complaint.

11. Defendants are without knowledge of and therefore deny the allegations in Paragraph 11 of the Complaint.

12. Defendant Crunch Holdings, LLC admits that it is a Delaware limited liability company; it denies that Paragraph 12 states its correct address, but states that its principal place of business is in New York. Defendants deny all other allegations in Paragraph 12.

13. Defendant Crunch Holdings, LLC admits that it is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant Crunch Franchising, LLC admits that it is a Delaware limited liability company; it denies that Paragraph 14 states its correct address. Defendants deny all other allegations in Paragraph 14.

15. Defendant Crunch Franchising, LLC admits that is a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant Crunch Franchising, LLC admits that it is a wholly-owned subsidiary of Defendant Crunch Holdings, LLC.

17. Defendant Crunch, LLC admits that it is a Delaware limited liability company; it denies that Paragraph 17 states its correct address. Defendants deny all other allegations in Paragraph 17.

18. Defendant Crunch, LLC admits that is a "person" as defined by 47 U.S.C. § 153(39).

19. Defendant Crunch, LLC admits that it is a wholly-owned subsidiary of Defendant Crunch Holdings, LLC.

**JURISDICTION AND VENUE**

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants admit that venue is proper but deny all other allegations in Paragraph 21 of the Complaint.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and for that reason, deny those allegations.

4

23. Defendants are without knowledge of and therefore deny the quoted language in Paragraph 23 of the Complaint. To the extent a further response is required, Defendants admit that Paragraph 23 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein.

24. Defendants are without knowledge of and therefore deny the quoted language in Paragraph 24 of the Complaint. To the extent a further response is required, Defendants admit that Paragraph 24 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and for that reason, deny those allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and for that reason, deny those allegations.

27. Defendants are without knowledge of and therefore deny the quoted language in Paragraph 27 of the Complaint. To the extent a further response is required, Defendants admit that Paragraph 27 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein.

**FACTUAL ALLEGATIONS**

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant Crunch Franchising, LLC admits it acts as a Crunch gym franchisor, but it does not operate gyms. Defendant Crunch, LLC denies that it acts as a Crunch gym franchisor,

but admits that it operates gyms. Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegations in Paragraph 31, and for that reason, deny those allegations.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that Paragraph 35 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein, deny the characterization of said quoted language, and deny all other allegations in Paragraph 35 of the Complaint.

36. Defendants admit that Paragraph 36 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 36 of the Complaint.

37. Defendants admit that Paragraph 37 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 37 of the Complaint

38. Defendants admit that Paragraph 38 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 38 of the Complaint.

39. Defendants admit that Paragraph 39 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 39 of the Complaint.

40. Defendants admit that Paragraph 40 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 40 of the Complaint.

41. Defendants admit that Paragraph 41 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 41 of the Complaint.

42. Defendants admit that Paragraph 42 accurately cites the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 42 of the Complaint.

43. Defendants admit that an approved supplier is dotFit, and that Mr. Rowley has an indirect ownership interest in this company. Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44. Defendants admit that Paragraph 44 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants admit that Paragraph 46 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 46 of the Complaint.

47. Defendants admit that Paragraph 47 accurately cites the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 47 of the Complaint.

48. Defendants admit that Paragraph 48 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 48 of the Complaint.

49. Defendants admit that Paragraph 49 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 49 of the Complaint.

50. Defendants admit that Paragraph 50 accurately cites the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 50 of the Complaint.

51. Defendants admit that a Franchise Agreement exists but deny the agreement is applicable to the conduct alleged in the Complaint, and deny all other allegations in Paragraph 51 of the Complaint.

52. Defendants admit that Paragraph 52 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 52 of the Complaint.

53. Defendants admit that Paragraph 53 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants admit that Paragraph 60 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 60 of the Complaint.

61. Defendants admit that Paragraph 61 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 61 of the Complaint.

62. Defendants admit that Paragraph 62 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 62 of the Complaint.

63. Defendants admit that Paragraph 63 accurately quotes the document cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 63 the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants are without knowledge of and therefore deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and for that reason, deny those allegations.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and for that reason, deny those allegations.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and for that reason, deny those allegations.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and for that reason, deny those allegations.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

**CLASS ALLEGATIONS**

83. Defendants admit that Plaintiffs have brought a putative class action lawsuit against Defendants on behalf of themselves and others purportedly similarly situated, but Defendants deny any liability to Plaintiffs and the putative class members, and deny all other allegations in Paragraph 83 of the Complaint.

84. Defendants admit that Plaintiffs have brought a putative class action lawsuit against Defendants on behalf of themselves and others purportedly similarly situated, but Defendants deny any liability to Plaintiffs and the putative class members, and deny all other allegations in Paragraph 84 of the Complaint.

85. Defendants admit that Plaintiffs have brought a putative class action lawsuit against Defendants on behalf of themselves and others purportedly similarly situated, but Defendants deny any liability to Plaintiffs and the putative class members, and deny all other allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint and in each of the subparts of Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint and in each of the subparts and bullet points of Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

**CLAIM FOR RELIEF**

94. Defendants incorporate their responses to the foregoing paragraphs 1-93 as if fully set forth herein.

95. Defendants admit that Paragraph 95 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny all other allegations in Paragraph 95 of the Complaint.

96. Defendants admit that Paragraph 96 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny the allegations in Paragraph 96 of the Complaint.

97. Defendants admit that Paragraph 97 accurately quotes the authority cited therein, but deny the authority is applicable to the conduct alleged herein and deny the characterization of said quoted language, and deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants deny the allegations in Paragraph 99 of the Complaint.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants state that the allegations in Paragraph 102 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102 of the Complaint.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny that they are liable to Plaintiffs or the members of the alleged putative classes for any damages or relief of any kind.

**RESPONSE TO PLAINTIFFS' JURY DEMAND**

Defendants deny that they are liable to Plaintiff or the members of the alleged putative classes for any damages or relief of any kind.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that they bear the burden of proof as to any of these defenses, Defendants assert the following affirmative and other defenses to the allegations set forth in Plaintiffs' Complaint. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

## FIRST DEFENSE

The claims of Plaintiffs and the putative class members are barred, in whole or in part, by consent, express or implied, granted, or authorized to be granted by Plaintiffs and the putative class members. Specifically, Plaintiffs provided their prior express written consent to receive the alleged calls referenced in the Complaint.

## SECOND DEFENSE

Plaintiffs' claims, or the claims of putative class members, are barred because Plaintiffs were not charged for the calls referenced in the Complaint.

## THIRD DEFENSE

Plaintiffs' claims, or the claims of putative class members, are barred by the doctrines of acquiescence, waiver, laches, estoppel, and/or unclean hands.

## FOURTH DEFENSE

Any award of statutory damages against Defendants would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**FIFTH DEFENSE**

The TCPA is an unconstitutional restriction of commercial speech and Defendants' freedom of expression, violative of the First Amendment to the United States Constitution.

**SIXTH DEFENSE**

Plaintiffs' claims, or the claims of putative class members, are barred because Plaintiffs had an established business relationship with either the party who allegedly sent the messages or calls, its affiliates, or its marketing partners.

**SEVENTH DEFENSE**

Plaintiffs' claims, or the claims of putative class members, are barred because Defendants established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and are not liable for any telephone calls allegedly made by a third party.

**EIGHTH DEFENSE**

Plaintiffs' claims, or the claims of putative class members, are barred under the safe harbor rules applicable to Plaintiffs' claims because Defendants established and implemented, with due care, reasonable practices and procedures, including written procedures and other procedures, to effectively prevent telephone solicitations in violation of the TCPA, and accordingly any solicitations or calls allegedly made in violation of those laws is a result of inadvertent error and not subject to liability under that law.

**NINTH DEFENSE**

Plaintiffs' claims, or the claims of putative class members, to the extent they exist, are barred because they lack standing to pursue those claims.

## TENTH DEFENSE

The Court lacks jurisdiction over Plaintiffs' claims, or the claims of the putative class members, because Plaintiffs (or putative class members) agreed to arbitrate Plaintiffs' claims relating to the purported messages or calls Plaintiffs allegedly received. Defendants submit this Answer and these Affirmative Defenses without waiver of their right to arbitrate the claims brought by Plaintiffs or any absent class members.

## ELEVENTH DEFENSE

Plaintiffs' claims, or the claims of putative class members to the extent they exist, are barred because Plaintiffs and/or the putative class members have waived their right to pursue relief on a class-wide basis by agreeing to class waivers in their agreements with either the party who allegedly sent the messages or calls to Plaintiffs, its affiliates, or its marketing partners.

## RESERVATION

Defendants hereby reserve their right to assert any other affirmative defenses that discovery or any changes in legal precedent or administrative guidance reveal to be applicable so as to avoid waiver of the same.

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiffs and the putative class take nothing from Defendants by this Complaint, and that this action be dismissed with prejudice;

3. For costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated: July 18, 2025
New York, NY

Respectfully submitted,

*/s/ James R. Horner*
James R. Horner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: jhorner@sidley.com

Ian M. Ross (*pro hac vice* forthcoming)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101
Email: iross@sidley.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on July 18, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record; a copy of this document was also e-mailed to counsel of record.

*/s/ James R. Horner*
James R. Horner
