September 19, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Kye et al. v. Crunch Holdings, LLC; Crunch Franchising, LLC; Crunch, LLC*,
           No. 25-cv-04321-JAV, Joint Letter Response to June 3, 2025 Order

Dear Judge Vargas:

      Pursuant to the Court's June 3, 2025, Notice of Initial Pretrial Conference (ECF No. 14) Plaintiffs Benjamin Kye and Cameron Johnson ("Plaintiffs") and Defendants Crunch Holdings, LLC, Crunch Franchising, LLC, and Crunch, LLC ("Defendants") (collectively, the "Parties") jointly submit this letter in response to the Court's June 3, 2025, Order.

**1. A brief statement of the nature of the action and the principal defenses thereto.**

      <u>Plaintiffs' Statement</u>: As alleged in Plaintiffs' complaint, ECF No. 1 (the "Complaint"), this is a putative class action lawsuit (the "Action") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Plaintiffs allege that Defendants orchestrated, oversaw, and controlled advertising activities directed towards Plaintiffs and members of the putative class they represent, including through coordinated telemarketing campaigns that involve, *inter alia*, the making of telephone calls containing prerecorded voices advertising and marketing products and services to the telephone numbers belonging to the putative class members without their prior written consent.

      <u>Defendants' Statement</u>: Defendants deny any liability to Plaintiffs and deny that Plaintiffs are entitled to any of the relief sought in their Complaint. Plaintiffs are individuals who signed up for a promotional offer at the Crunch Fitness website (the "Website"), where they consented to receive promotional messages and received express disclosures that they would receive such messages. Plaintiffs then allege that they received prerecorded calls, but those calls, if they were received by Plaintiffs, were not sent by Defendants, but instead were sent by a Crunch franchisee. Defendants deny that they are liable for such calls under a vicarious liability or agency theory, or any other theory in law or equity. Thus, even if Plaintiffs contend that they did not consent to receive such calls, Defendants still are not liable for those calls. Moreover, Defendants deny that this case is suitable for class treatment. Many of the putative class members in Plaintiffs' proposed class are Crunch members who, as part of their standard agreement with Crunch, agreed to arbitrate any disputes with Defendants in binding individual arbitration, and also waived any right to participate in a class action. Defendants submit that Plaintiffs are inadequate and atypical class representations insofar as they did not become Crunch members after signing for the promotional program. Defendants also submit that other individualized issues relating to the proposed class

will predominate over any common issues in the case.

2. **A brief explanation of why jurisdiction and venue lie in this Court.**

   As alleged in the Complaint, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. Venue is proper in this District because Defendants maintain their headquarters and principal places of business in Manhattan, New York, which is within this judicial district.

3. **A statement of all existing deadlines, due dates, and/or cut-off dates.**

   There are no existing deadlines in this case. The Initial Pretrial Conference in this case is scheduled for September 26, 2025 at 12:30 p.m. in Courtroom 14C.

4. **A brief description of any outstanding motions.**

   There are no pending motions in this case.

5. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

   ***Plaintiffs' Statement***: Plaintiffs served non-party subpoena seeking information and documents on CallFire, Inc. on or about August 15, 2025. Plaintiffs served an initial set of requests for production and interrogatories on Defendants on August 28, 2025. Plaintiffs have yet to receive responses to any of their discovery requests. Plaintiffs believe that discovery on, *inter alia*, the following subjects will be necessary to engage in meaningful settlement negotiations: Defendants' marketing programs, Defendants' relationships with their franchisees, Defendants' contracts with any non-parties regarding telemarketing services, Defendants' affirmative defenses, Defendants' communications with its corporate clubs and franchisees regarding telemarketing programs.

   ***Defendants' Statement***: Defendants served on an initial set of discovery requests on September 15, 2025. Defendants anticipate that they will require discovery into, among other things, (i) Plaintiffs' visits to websites relating to Defendants' products or services, and Plaintiffs purchase or any Crunch products or services; (ii) Plaintiffs' agreement to receive text messages or calls from Defendants, Crunch franchises, or affiliates of Defendants; (iii) any other agreements Plaintiffs assented to with Defendants or their affiliates; (iv) Plaintiffs' adequacy and typicality to represent the putative class, including discovery related to Plaintiffs' relationship with Defendants or Crunch franchisees, Plaintiffs' prior experience as a class representative, Plaintiffs' relationship with putative class counsel, Plaintiffs' agreements with putative class counsel, and Plaintiffs' participation in this lawsuit; and (v) Defendants' defenses in this case, which are set forth (subject to amendment) in Defendants' Answer and Affirmative Defenses.

6. **A list of all prior settlement discussions, including the date, parties involved, and the approximate duration of such discussions, if any.**

   Plaintiffs tendered an initial settlement demand in writing on Defendants' counsel on July 10, 2025. That demand has now expired. The Parties have not had substantive settlement negotiations since.

7. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case the use of such a mechanism would be appropriate.**

Given the early stage of the litigation, the Parties have not discussed employing alternative dispute resolution mechanisms. The Parties do not currently believe that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, or retention of a privately retained mediator would be appropriate at this time. After some discovery has taken place, the Parties may then be inclined to retain a private mediator.

8. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

The Parties are not presently aware of any such information.

\*   \*   \*

The Parties appreciate the Court's attention to this matter and are available to discuss any of these issues with the Court if it would be helpful.

Dated:  September 19, 2025				Respectfully submitted,

			/s/ Elliot O. Jackson
			Elliot O. Jackson
			NY Attorney Reg. No. 6076798
			HEDIN LLP
			1395 Brickell Ave., Suite 610
			Miami, Florida 33131-3302
			Telephone:  (305) 357-2107
			Facsimile:  (305) 200-8801
			ejackson@hedinllp.com

			Tyler K. Somes (*pro hac vice*)
			District of Columbia Bar No. 90013925
			HEDIN LLP
			1100 15th Street NW, Ste 04-108
			Washington, D.C. 20005
			Telephone: (202) 900-3332
			Facsimile:  (305) 200-8801
			tsomes@hedinllp.com

			Matthew J. Langley
			NY Attorney Reg. No. 4831749
			ALMEIDA LAW GROUP LLC

        849 W. Webster Avenue
        Chicago, Illinois 60614
        Telephone:   (312) 576-3024
        matt@almeidalawgroup.com

        *Counsel for Plaintiffs and Putative Class*


        <u>/s/ Ian M. Ross</u>
        Ian M. Ross (*pro hac vice*)
        SIDLEY AUSTIN LLP
        1001 Brickell Bay Drive
        Miami, FL 33131
        Telephone:   (305) 391-5100
        iross@sidley.com

        James R. Horner
        NY Attorney Reg. No. 5902291
        SIDLEY AUSTIN LLP
        787 Seventh Avenue
        New York, New York 10019
        Telephone:   (212) 839-5828
        jhorner@sidley.com


        *Counsel for Defendants*